CASE 6—ACTION BY G. M. WILLIAMS AGAINST THE MAYSVILLE TELEPHONE CO. FOR A MANDAMUS TO COMPEL SAID COMPANY TO PUT A TELEPHONE IN PLAINTIFF'S HOUSE.—NOVEMBER 15.

# Williams v. Maysville Telephone Co.

APPEAL FROM MASON CIRCUIT COURT—JAS. P. HARBESON, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

TELEPHONES—REFUSAL TO INSTALL INSTRUMENT—REMEDY—CONDITIONS.

1. Under Civil Code Prac., sec. 271, providing that a mandatory injunction may affirmatively direct the doing of the act required to be done, injunction, and not mandamus, is the proper remedy to compel a telephone company to install an instrument.

2. That defendant telephone company furnished plaintiff's neighbors in the same square with telephones for $3 per quarter, without requiring them to contract to keep the phones a year, did not entitle plaintiff to compel defendant to furnish him a phone for the same price without a yearly contract, without showing that the conditions were the same.

A. D. COLE, ATTORNEY FOR APPELLANT.

1. We submit that under sec. 199, of the Constitution, telephone companies are recognized as common carriers, and independent of the Constitution, they owe to the public the duties of a common carrier according to the principles of the common law.

2. Telephone companies are affected with the public interest and are bound to serve impartially and without unjust discrimination all who apply for their service, and offer compliance with their reasonable regulations.

3. A remedy by mandamus is the appropriate one, and the duty is of a public character, and there is no other adequate mode of relief.

THOMAS R. PHISTER, ATTORNEY FOR APPELLEE.

· POINTS AND AUTHORITIES.

MANDAMUS.

1. In the remedy of mandamus the petition must clearly show that plaintiff has a clear legal right to have the act done. Merrill on Mandamus, secs. 56, 57; Atchison v. Lucas, 83 Ky., 460; Lowe v. Phelps, 14 B., 645.

2. A telephone company has a right to make reasonable rules and regulations. And the fixing of rates is a legislative, not a judicial matter, and a court will not by mandamus fix the rates. Joyce on Electric Law, secs. 521, 680, 730; Louisville Gas Co. v. Dulaney, 100 Ky., 408; Nebraska Tel. Co. v. Yeiser, 55 Nebraska, 627 (45 L. R. A., 113); Bayles v. Kansas Pacific R. Co., 5 L. R. A., 482; Hewlett v. W. U. Tel. Co., 28 Fed. Rep., 183.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

Appellant instituted this action against appellee, and alleged, in substance, that it was a corporation organized and existing under the laws of the State of Kentucky for the purpose of owning, constructing, using, and maintaining electric telephone wires and exchange within the city of Maysville; that it was authorized to transact and perform this work and service by an ordinance passed by the city council, and that prior to the institution of this action, and at that time, appellee was engaged in the business, having established an exchange from which connections were made to telephone instruments in offices, places of business, and residences, of its subscribers; and then continued as follows: "That whenever a person desires a telephone it is placed in the office, residence, or place of business of the applicant, at the ex-

pense of the defendant, with authority to the subscriber to use the same, upon certain rates and terms, for the purpose of telephonic communication with others. That on or about the —— day of March, 1904, he sent to defendant a demand in writing for a telephone to be placed in his residence on Forrest avenue, in said city of Maysville, together with telephonic communications with defendant's exchange and other subscribers, and accompanied said demand with the payment of good and lawful money of the sum to wit, $3, required by the defendant for the use of said telephone and telephonic connections during the period of time which he desired its use, to wit, three (3) months, which sum defendant accepted; but refused to comply with plaintiff's said demand unless he would agree to sign a contract to keep said telephone and pay for the use thereof for a period of twelve (12) months. That other of defendant's subscribers whose residences were then and are now on the same and other streets of said city—indeed, were on the same square as the residence of the plaintiff—were and are supplied with telephones by defendant under agreements which contain no such stipulation. The said telephone and telephonic communication is necessary to the use and convenience of his said residence, as well as to answer emergency calls in his profession. That he is now living in rented property, and does not know how long he will remain there, for which reason he avers and charges that defendant's said stipulation, which is made a condition precedent to compliance with his said demand for said telephone and telephonic communications, is an unreasonable, unjust, and oppressive discrimination, and also a violation of the duties owing by it to the public as a common carrier. Wherefore plaintiff prays for a writ of mandamus requiring defendant to place a telephone in his residence in the city of Maysville, and to connect it prop-

erly with defendant's exchange and its subscribers, and to do all the acts necessary to afford · the plaintiff the like service and telephonic communication afforded to its other subscribers.' A demurrer was sustained to this petition, and appellant amended as follows: "The plaintiff, G. M. Williams, comes before answer filed, and amends his petition herein, and for amendment states that the rates and terms which defendant was ·at said time and is accustomed to charge its subscribers for a telephone and telephonic communications in their residences in said city, were $3 per quarter, or three months in advance, or at the rate of $12 per annum; that most, if not all, of its subscribers in said city, including those residing on the same street as this plaintiff, were furnished with telephones and telephonic communications as aforesaid by defendant according to said rates and terms, but no stipulation was or is exacted of them, or at least a great majority of them, as that exacted of plaintiff aforesaid; but, on the contrary, they claim and exercise the right to discontinue the service of defendant's telephones and telephonic communications at the expiration of any quarter or period of three months; that, unless said writ of mandamus be granted, he is without remedy." A demurrer was sustained to the. pleading as amended, and the action was dismissed. From this order appellant has appealed.

It is conceded by appellee's counsel that appellee is a common carrier, a public service corporation, and, as such, is subject to the laws governing and controlling such corporations. It is self-evident that a corporation engaged in a business affected by a public interest may prescribe reasonable rules and charges for conducting its business. And when the charges are not fixed by legislative enactment (as in the case at bar) the charges may be fixed by the corporation, and

the only limitations are that the charges must be reasonable, and be the same to all persons under the same or like circumstances and conditions. There must not be, in the service or charges any discrimination or partiality. Tested by these principles, we are of the opinion that the petition did not state a cause of action. Especially it did not authorize the court to grant a mandamus to compel appellee to place a telephone in appellant's residence. Mandamus was not the proper remedy. This writ is defined by section 477 of the Civil Code of Practice, as follows: "The writ of mandamus, as treated of in this chapter, is an order of a court of competent and original jurisdiction, commanding an executive or ministerial officer to perform an act, or omit to do an act, the performance or omission of which is enjoined by law; and it is granted on the motion of the party aggrieved, or of the Commonwealth when the public interest is affected." The agents and servants in charge of appellee's telephone business were and are not "executive or ministerial officers" in the sense and meaning of this section of the Code. If appellant's petition had been otherwise sufficient under his prayer "for all proper and general relief," the court should have granted him a mandatory injunction, as provided in section 271, Civ. Code Prac., which provides: "When a mandatory injunction shall be granted, the order or judgment may affirmatively direct the party enjoined to do the act or thing required to be done." This, however, is a harsh and extreme remedy, and should never be resorted to or granted except it be made to appear clearly that the party demanding the remedy has the legal right to have the act done, and that he has no other adequate remedy at law to obtain redress. The substance and effect of the alleged wrongs perpetrated by the appellee were, first, that it would not give him telephonic comuunications for the sum of

$3 for three months, unless he would sign a contract to pay at that rate for 12 months; that other of its subscribers whose residences were on the same square with him were and are supplied with telephones by appellee under agreements which contained no such stipulations, and averred that appellee's act in requiring him to sign such a contract was unreasonable, unjust, and oppressive discrimination. It is not stated in the petition that $3 for three months' service and extending the line to his residence and putting in the telephone was a reasonable charge. It is possible and probable that extending the line to his residence, placing the 'phone, and making the connections would have cost as much or more than $3, but appellant says that appellee discriminated against him, for it furnished others on his square with telephone connections for the price of $3 for three months' service, but he did not allege that these other parties had received the connections and were being served under the same or like circumstances and conditions that he was offering to appellee. The service to his neighbors may have been at the price of $3 for three months, and they did not sign any contract for twelve months, yet the conditions and circumstances may have been very different. They may have all been upon one line—a party line—and the expense to appellee to make the connection and furnish them with the service may have been small as compared with what appellant required. The petition should have stated facts from which the court could have determined, not inferred, that the price offered by appellant was reasonable, and that he was being unjustly discriminated against by appellee.

For these reasons the judgment of the lower court is affirmed.

Petition for rehearing by appellant overruled.