(No. 5245.   August 2, 1928.)

FRANK J. BURNS, Respondent, v. FRED E. LUKENS, as Commissioner of Law Enforcement of the State of Idaho, Appellant.

[269 Pac. 596.]

Frank L. Stephan, Attorney General, and H. O. McDougall and Leon M. Fisk, Assistant Attorneys General, for Appellant.

Tannahill & Leeper, for Respondent.

TAYLOR, J.—Plaintiff brought this action to enjoin the defendant, Commissioner of Law Enforcement, from enforcing against him chapter 197 of the Laws of 1925, as amended by chapter 237 of the Laws of 1927, and requiring him to furnish property damage insurance or surety bond upon each vehicle operated by him, and the payment of permit and license fees thereunder as an auto transportation company. Defendant appeals from a judgment, rendered on demurrer, enjoining such enforcement.

The complaint alleges plaintiff's ownership and operation of three 3½-ton trucks and one 5-ton truck used exclusively by him in hauling lumber under a contract with a lumber company, at a stipulated price per thousand feet, from Weippe to Greer, Idaho, under a contract contemplating the hauling of not less than five million feet of lumber per year over highways of the state of Idaho; that plaintiff has not acted and is not acting as, and is not, a common carrier. Appellant contends that plaintiff is amenable to the above acts; that he is carrying under contract the property of others for compensation, and as such is an auto transportation company, amenable to the act, even though a private carrier.

The amendments of 1927 do not materially change the provisions of the act of 1925 upon points here involved in so far as construed in *Smallwood v. Jeter*, 42 Ida. 169, 244

Pac. 149. Appellant contends that that which was therein said, to the effect that the act did not apply to private carriers, was not necessary to the decision, and was *dictum;* that the plaintiff is an auto transportation company under the definition of the acts; that a distinction should be made between so-called private carriers carrying their own property, and the plaintiff, a carrier of the property of others for compensation; that, in any event, the decision in the Smallwood case, that private carriers were not included in the act, should be confined to the former; and that the Smallwood case was not decisive of plaintiff's exclusion therefrom.

It was therein said:

"The act must, therefore, be construed as not applicable to private carriers, but as regulating those who are in their nature common carriers, those who hold themselves out to the public as ready and willing to carry passengers who present themselves, or freight presented."

There was much other discussion leading up to this declaration. The plaintiff therein, confessedly a common carrier, pleaded the existence of operators in exactly the situation of plaintiff here, and plainly presented issues upon which it was contended that the act, or features thereof, would stand or fall, depending upon its application or nonapplication to, or the inclusion therein or exclusion therefrom of such as plaintiff here, as bearing upon its constitutionality as applied to him, a common carrier. It was, among other things, contended that the act was "too indefinite, uncertain, and unintelligible to permit of enforcement," and repugnant to section 17, article 3, of the state constitution, which requires that "every act . . . . shall be plainly worded." It was further contended that the act was a local or special law for the assessment and collection of taxes, and exempting property from taxation, and was thus violative of section 19, article 3, of the constitution. It is needless to recite numerous other contentions therein.

The question of whether private carriers of either kind, even though, as contended by defendant, there is a distinc-

tion to be made, were amenable to the act of 1925, was a question which appears to have been fairly within the issues presented, and was considered and deliberately decided therein. The power of the legislature to require permit fees or fees for operation from a private carrier, either carrying for himself or for others for compensation, was not decided in the Smallwood case, nor is it here decided. It was therein decided that such carrier could not be required, under the police power, to furnish property damage insurance or a surety bond for damage to property carried; that the act should be construed as a whole; and that the presence of such requirement negatived the intention of the legislature to include such private carriers in the purview thereof.

The judgment is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Givens, J., concur.