(Nos. 5729, 5736. July 8, 1931.)

In the Matter of an Investigation by the PUBLIC UTILI-
TIES COMMISSION OF THE STATE OF IDAHO,
on the Operation of Stage or Truck Lines on U. S.
Highway No. 10, Between Coeur d'Alene, Idaho, and
Kellogg, Idaho. COEUR D'ALENE AUTO FREIGHT
and the AUTO INTERURBAN COMPANY, Appel-
lants, v. PUBLIC UTILITIES COMMISSION OF
THE STATE OF IDAHO, GINGRICH BROTHERS,
and the SPOKANE–WALLACE STAGES, INC., Re-
spondents.

[1 Pac. (2d) 627.]

J. Ward Arney and McCarthy & Edge, for Appellants, cite no authorities on points decided.

Fred J. Babcock, Attorney General, and Maurice H. Greene, Assistant Attorney General, for Respondents.

McNAUGHTON, J.—The Public Utilities Commission of Idaho of its own motion ordered a hearing for investigation and determination of the size of common carrier busses and trucks appropriate for use upon the public road designated as U. S. Highway No. 10, between the cities of Kellogg and Coeur d'Alene in this state. The hearing was set and noticed to be held December 29, 1930. A hearing was had upon that date at which all common carriers of freight or passengers over said highway between said points appeared and took part. After the hearing a general order was entered by the Commission to all holders of common carrier permits, both freight and passenger, restricting such permit holders to the use of trucks or busses not over 25 feet in length and 7½ feet in width on that highway between Kellogg and Coeur d'Alene, effective February 16, 1931.

The Coeur d'Alene Auto Freight Company and the Auto Interurban Company moved for a rehearing. Upon the denial of their motion they appealed, and on March 27, 1931, at the regular term of this court at Pocatello, procured an order in this court requiring the Commission to show cause why the order should not be stayed pending the appeal. At the hearing on the return of the show cause order, by stipulation of counsel, the appeal was submitted upon its merits.

By appropriate assignments, but in different order, the appellants question the order of the Commission on the grounds: 1. That the evidence is insufficient; 2. That the order, in view of the evidence, is void as being arbitrary and unreasonable; 3. That the Commission is attempting to adopt a police regulation inconsistent with statutory regulations for that purpose; 4. That the order discriminates in favor of private and contract carriers as against common carriers.

(1) The record before us discloses that the highway in question passes over a ridge or divide between Coeur d'Alene and Kellogg. In the main it is a mountain road with frequent sharp turns and bends, especially on the westerly portion. From the summit toward Coeur d'Alene the roadway is 18 feet in width with many abrupt turns at hillside points where there is a steep bank immediately on one side of the 18-foot roadway and an abrupt declivity on the other side. The view of the road ahead is obstructed beyond the turn at these points and on three of the turns the curvature is of 116 degrees. It was demonstrated to be impossible for a 29-foot stage, such as the appellant Auto Interurban Company was then using on the highway, and an ordinary automobile to pass within the 18-foot roadway on those turns.

There was conflict in the testimony as to whether equipment above 25 feet in length and more than 7½ feet in width was unsafe equipment if properly operated upon the road. On this issue the Commission found: "That the operation of any bus or truck exceeding 25 feet in length and 7½ feet in width over that portion of U. S. Highway No. 10, between Coeur d'Alene and Kellogg, Idaho, is dangerous and unsafe to the employees, the traveling public and those making the ordinary use of the said highway." We think there is evidence competent to sustain the above finding, which is the basis of the order.

(2) Although some of the witnesses appear to have been prompted to take part in the hearing on account of com-

plaint or grievance against a certain driver or other employee, yet there was much testimony disclosing there is danger attending the operation of this large equipment, in consideration of the condition of the road, which would be avoided by the operation of smaller busses and trucks. This testimony was neither arbitrary nor unreasonable, and we think such testimony afforded a reasonable foundation for the finding to that effect by the Commission.

In this behalf it should be noted the Commission found that accidents in connection with these operations had been rare notwithstanding the equipment complained of and the condition of the road, but from the Commission's conclusions this fact seems to be attributed to the unusual skill and carefulness of the company drivers. Nor do we think it can be said the Commission acted arbitrarily because the change required is inconvenient and expensive. However, the Commission's judgment or discretion in such matters, if sustained by reasonable showing, is not subject to review by this court because on appeal from a decision of the Public Utilities Commission, the jurisdiction of the supreme court is limited to determining whether the Commission has pursued its statutory authority and whether the order complained of infringes the constitutional rights of the appellants. (Chap. 72, sec. 3, Laws of 1921; *Boise Artesian Water Co. v. Public Utilities Com.*, 40 Ida. 690, 236 Pac. 525; *Chicago, M. & St. P. R. Co. v. Public Utilities Com.*, 41 Ida. 181, 238 Pac. 970.)

(3) It is earnestly contended that the Public Utilities Commission by the order in question is attempting to act beyond the scope of its legal province and is usurping a police function of the law enforcement department of the state in a manner not authorized and contrary to the laws appertaining to such regulation. In this behalf it is observed chap. 260, Laws of 1927, sec. 34, provides in part:

" . . . . the maximum size and weight of vehicles herein specified shall be lawful throughout this state, and local authorities shall have no power or authority to alter said

limitations except as express authority may be granted in this act.''

''Sec. 35. Size of Vehicles and Loads. (a) No vehicle shall exceed a total outside width, including any load thereon, of eight feet, except that the width of a farm tractor shall not exceed nine feet, . . . . (c) No vehicle shall exceed a length of thirty-three feet, and no combination of vehicles coupled together shall exceed a total length of eighty-five feet.''

The Commission, in entering the order in question, was pursuing authority conferred upon it by chap. 267, Laws of 1929, which provides in part as follows:

''Sec. 4. The Commission is hereby vested with the power and authority, and it is hereby made its duty, to fix just, fair, reasonable and sufficient rates, fares, charges, and classifications, and to alter and amend the same, and to prescribe such rules and regulations for auto transportation companies as may be necessary to provide for adequate service and safety of operation, and to require the filing of such reports and other data with the Commission as may be necessary to govern the relationship between such auto transportation companies and the traveling and shipping public. Such rules and regulations as may be adopted and promulgated by the said Commission shall be adopted and promulgated by general order of such Commission or otherwise.''

An examination of the authorities upon this and related constitutional questions discloses that regulating a common carrier business upon the highways is considered quite different from ordinary policing. It is derived from a different source. The policing power deals with rights of the public in the road and is restricted to regulatory supervision differing from a commission's supervision of a common carrier business which the state permits upon the road. In the supervision of such business it is held the power is plenary and may extend even to exclusion because the

regulation of the business is the regulation of a privilege permitted and controlled by the state.

And, it is quite generally held that the business of a common carrier of freight or passengers permitted upon the highways is regulatory independently of any police power supervising the ordinary and usual rights of citizens in the highway, and independent of the ordinary laws establishing rules of the road governing ordinary rights in and upon the highway. (*Smallwood v. Jeter*, 42 Ida. 169, 244 Pac. 149; *Wolf Packing Co. v. Court of Industrial Relations*, 262 U. S. 522, 27 A. L. R. 1280, 43 Sup. Ct. 630, 67 L. ed. 1103; *Southern Motorways v. Perry*, 39 Fed. (2d) 145; *Hadfield v. Lundin*, 98 Wash. 657, Ann. Cas. 1918C, 942, 168 Pac. 516, L. R. A. 1918B, 909; *Ex parte Dickey*, 76 W. Va. 576, 85 S. E. 781, L. R. A. 1916F, 840.)

The Commission, in prescribing "rules and regulations for auto transportation companies as may be necessary to provide for adequate service and safety of operation," in a case where safety of operation seems to require it, may undoubtedly adopt a standard as to size of equipment. (*Reo Bus Lines Co. v. Southern Bus Line Co.*, 209 Ky. 40, 272 S. W. 18.)

It is suggested the regulation is too restricted. An order is general when applied to all permit holders, though only the small portion of the highways to which it is confined requires it.

(4) It cannot be said the commissioners discriminated in pursuit of their authority in favor of private carriers as distinguished from common carriers. The Public Utilities Commission has no jurisdiction or power over private carriers. (Chap. 267, Laws of 1929; *Burns v. Lukens*, 46 Ida. 603, 269 Pac. 596.)

Nor is the act of the legislature creating and defining the power in question unconstitutional as discriminatory. In *State v. Horn*, 27 Ida. 782, 152 Pac. 275, the court said, in construing another statute: "This clause only requires that the same means and methods be applied impartially

to all the constituents of a class so that the law may operate equally and uniformly upon all persons in similar circumstances. It merely requires that all persons subject to such legislation shall be treated alike under like circumstances and conditions." In *Smallwood v. Jeter, supra,* quoting from page 190 of the Idaho report, considering the Public Utility Act, this court said: "The distinction between private use and public business use, and the right to regulate one and prohibit the other, are sufficient on which to base the classification." For a collection of authorities and discussion of the reasons for this distinction and classification see *Hadfield v. Lundin, supra.*

We find the Commission regularly pursued its statutory authority and that neither the statute defining the power herein exercised or the order complained of infringes any constitutional right of appellants, or either of them. The order is therefore affirmed, with costs to respondents.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.