(No. 6137. July 13, 1934.)

NEZ PERCE ROLLER MILLS OF LEWISTON, IDAHO, FARMERS GRAIN AND SUPPLY COMPANY OF CRAIGMONT, IDAHO, UNION WAREHOUSE AND MERCANTILE COMPANY OF CRAIGMONT, IDAHO, VICTOR PETERSON OF GRANGEVILLE, IDAHO, and T. E. ROBINSON OF NEZ PERCE, IDAHO, Appellants, v. PUBLIC UTILITIES COMMISSION OF THE STATE OF IDAHO, Consisting of J. D. RIGNEY, M. REESE HATTABAUGH and HARRY HOLDEN, Respondents.

[34 Pac. (2d) 972.]

Tannahill & Durham and Paul W. Hyatt, for Appellants.

Bert H. Miller, Attorney General, D. Worth Clark, Assistant Attorney General, and Bert Auger, for Respondents.

GIVENS, J.—This is an appeal from an order of the Public Utilities Commission refusing and rejecting a proposed schedule of rates for warehousing and storing cereal grains.

Appellants contend that the rates as fixed, 75¢ a ton, for handling and storage for one month, and 10¢ a month thereafter are confiscatory, and they introduced evidence in support of such contention.

The attorney general, on behalf of the commission and the grain growers, contends, on the other hand, that not only is the rate not confiscatory, but that it is sufficient under proper business methods to be remunerative, and even if not, that the rule to be applied is that the rate even though not compensatory, must not be more than the service is worth and that the producer can hardly afford to pay the rate fixed and certainly none in excess thereof.

It is unnecessary, however, for us to go so far as to adhere to the second of these two irreconcilable contentions, because the growers introduced evidence by warehousemen, and others, to the effect that under the rate fixed, though not without difficulty, warehousemen could at least meet their expenses, with some return on their investment, and in some instances make from a fair to a good profit. .

The generally recognized standard, upon appeal from an order of a Public Utilities Commission to the courts is:

"Its findings (The Department of Public Work's) and conclusions (In fixing rates to be charged by warehousemen) should therefore be given the weight accorded to any impartial tribunal, and should be overturned only when the clear weight of the evidence is against its conclusion, or when it mistakes the law applicable to the matters adjudicated by it. *State ex rel. G. N. R. Co. v. Railroad Com.*, 60 Wash. 218, 110 Pac. 1075; *Puget Sound Elec. Ry. v. Railroad Commission*, 65 Wash. 75, 117 Pac. 739, Ann. Cas. 1913B, 763." (*Pacific Coast Elevator Co. v. Department of Public Works*, 130 Wash. 620, 228 Pac. 1022.)

"To justify this court in setting aside this finding, the evidence would have to be strong and persuasive that the commission had abused its discretion." (*Boise Artesian Water Co. v. Public Utilities Com.*, 40 Ida. 690, 236 Pac. 525.)

"Findings of fact made by a public utility commission are presumptively correct. Such presumption, however, is only *prima facie*, and may be rebutted; but the burden is upon one attacking the commission's action to show their incorrectness." (51 C. J. 60.)

"The function of the court, however, is only to determine whether the order or regulation in question is valid and reasonable, and to prevent the invasion of any constitutional right. Accordingly, except for the purpose of such determination, it cannot consider administrative or legislative matters, and it has no authority to ascertain or determine what order would be reasonable and proper, nor to establish the same." (51 C. J. 87.)

"FINDINGS AND CONCLUSIONS OF RATE MAKING BODY with respect to rates chargeable by public warehouses will be given the weight accorded to those of any impartial tribunal, and should be overturned only when against the clear weight of the evidence or when based on mistakes of the law applicable to the matters adjudicated." (67 C. J. 543.)

Without recognizing or sanctioning the right of the legislature to prescribe our consideration of appeals, in view of sec. 1, art. 2, of the Constitution of the state of Idaho, sec. 59–629, I. C. A.:

"No new or additional evidence may be introduced in the Supreme Court, but the appeal shall be heard on the record of the commission as certified by it. The review on appeal shall not be extended further than to determine whether the commission has regularly pursued its authority, including a determination of whether the order appealed from violates any right of the appellant under the constitution of the United States or of the state of Idaho. Upon the hearing the Supreme Court shall enter judgment, either affirming or setting aside the order of the commission. In case the order of the commission is set aside the commission, upon its own motion or upon motion of any of the parties, may alter or amend the order appealed from to meet the objections of the court in the manner prescribed in section 59–624," is in accord with the above authorities.

While no attempt was made by the commission to determine accurately the value of the investment upon which the warehousemen contended they were entitled to a return, in other words, the hearing was, a rate hearing, not a valuation hearing, and while there was a conflict in the evidence as to the cost and expense of furnishing the service for which the rates were herein fixed, there was substantial evidence, as accurate as that presented by appellants, to support the commission's conclusion in fixing the rate as it did, and we cannot say that the rate as fixed is so clearly contrary to the weight of the evidence introduced as to require us to set it aside. (*Northern Pac. Ry. Co. v.*

*Department of Public Works,* 144 Wash. 47, 256 Pac. 333, 336; *Auto Interurban Co. v. Department of Public Works,* 153 Wash. 479, 279 Pac. 738; *Denver Union Stock Yards Co. v. United States,* 57 Fed. (2d) 735; *Inghram v. Union Stock Yards Co.,* 64 Fed. (2d) 390.)

The appellants did not allege or show, as Mr. Justice Harlan said in *San Diego Land & Town Co. v. National City,* 174 U. S. 739, 19 Sup. Ct. 804, 43 L. ed. 1154:

" . . . . clearly and beyond all doubt, such a flagrant attack upon the rights of property under the guise of regulations as to compel the court to say that the rates prescribed will necessarily have the effect to deny just compensation for private property taken for the public use."

Under the authorities above cited the order is affirmed. Costs awarded to respondents.

Budge, C. J., and Morgan, Holden and Wernette, JJ., concur.