(No. 6208. May 2, 1935.)

MOUNTAIN VIEW RURAL TELEPHONE COMPANY, a Copartnership, Respondent, v. INTERSTATE TELE-PHONE COMPANY, a Corporation, Appellant; CLAG-STONE RURAL TELEPHONE COMPANY, LTD., a Corporation, et al., Intervenors and Respondents.

[46 Pac. (2d) 723.]

Charles P. Lund and Richards & Haga, for Appellant.

Bert H. Miller, Attorney General, J. W. Taylor, Assistant Attorney General, and Hawkins & Hawkins, for Respondents.

GIVENS, C. J.—Prior to 1926, appellant's predecessor in interest had entered into contracts with various rural, privately owned, co-operative, telephone lines of which respondent was and is one, there being some twenty others, for exchange service rendered by appellant at the rate of 50 cents per phone per month for some lines, others at 75 cents, and others having no contracts at all at various similar amounts.

In 1926, appellant's predecessor in interest gave notice of cancelation of this rate and inauguration of the rate of 75 cents, which since that time has been paid by the users of respondents' lines. In 1932 these lines filed the action herein before the Public Utilities Commission, urging two

things: First, that the rate of 1926 was never legally inaugurated because there had been no compliance with I. C. A., sec. 59–622, and that I. C. A., sec. 59–623, did not apply because of what is contended is the correct though substituted language of the latter section, and second, that the rate of 75 cents was unreasonable, unjust and excessive.

Several hearings were had by the Commission and the rate ultimately reduced to $4 per year, from which decision appellants seek relief, mainly on the ground that the Commission failed to find the value of appellants' property used and useful in rendering this service involved as a rate base. Respondents' position is that the service rendered involves no additional equipment and is a mere overflow service.

These rural lines and all of their equipment up to the city limits or up to the central telephone exchanges are owned by respondents. The equipment, however, within the central exchange stations is owned and operated by appellant and at least the connections of respondents' lines with the central exchange consist of equipment which would not be needed if this service were not rendered. We do not mean to indicate that other portions of the plant and equipment are not necessary in such use. It is quite generally held and so recognized by the Commission and this court that the two main elements entering into the fixing of reasonable rates are, first, cost to the utility rendering the service on an economical and efficient basis, and a rate that will bring a fair return to the utility rendering the service, on its property used and useful in such service, and second, what rate will be a fair one to the consumer; such harmonizing of the two sometimes rendering necessary a compromise between them. (*Murray v. Public Utilities Com.*, 27 Ida. 603, 150 Pac. 47, 50, L. R. A. 1916F, 756.) The court said therein, ''The rate fixed must be a fair one to the consumers, but it must also be sufficient to assure the proprietor a fair and safe return on his investment. . . . . '' (*Consumers' Co., Ltd., v. Public Utilities Com.*, 41 Ida. 498, 239 Pac. 730; *Boise Artesian Water Co. v. Public Utilities Com.*, 40 Ida. 690, 236 Pac. 525.) In *State ex rel. Puget*

*Sound Power & L. Co. v. Department of Public Works,* 179 Wash. 461, 38 Pac. (2d) 350, the court held, in fixing the rates, the Commission should base them upon value of service to consumer, the ability of the consumer to pay, prevailing economic conditions, and all of the other facts and circumstances which bear upon the question of what is reasonable and sufficient compensation. (Cases there cited.) In *Telluride Power Co. v. Public Utilities Com. of Utah,* (Utah) 8 Fed. Supp. 341, the court said, ". . . . the worth of the service is an important element for just consideration in fixing reasonable rates, reasonable to both utility and customer." (*Smyth v. Ames,* 169 U. S. 466, 18 Sup. Ct. 418, 42 L. ed. 819; *Northern Pac. Ry. Co. v. North Dakota,* 236 U. S. 585, 35 Sup. Ct. 429, 59 L. ed. 735, Ann. Cas. 1916A, 1; *Norfolk & W. Ry. Co. v. Conley,* 236 U. S. 605, 35 Sup. Ct. 437, 59 L. ed. 745; *Brooks-Scanlon Co. v. Railroad Com. of Louisiana,* 251 U. S. 396, 40 Sup. Ct. 183, 64 L. ed. 323; *Bluefield Water Works & I. Co. v. Public Service Com.,* 262 U. S. 679, 43 Sup. Ct. 675, 67 L. ed. 1176; *United Rys. & Elec. Co. v. West,* 280 U. S. 234, 50 Sup. Ct. 123, 74 L. ed. 290; *Oklahoma G. & E. Co. v. Corporation Com.,* (D. C.) 1 Fed. Supp. 966.) The first element necessarily requires a valuation of the utility's property so used and useful. (*Teton Valley Power, etc., v. Tuci,* Case F–656, Order 1143, P. U. R. 1929C, 332; *Idaho P. & L. Co. v. Blomquist,* 26 Ida. 222, 141 Pac. 1083, Ann. Cas. 1916E, 282; *Capitol Water Co. v. Public Utilities Com. of Idaho,* 44 Ida. 1, 262 Pac. 863; *Consumers' Co., Ltd., v. Public Utilities Com., supra; Boise Artesian Water Co. v. Public Utilities Com., supra; Murray v. Public Utilities Com., supra.*)

By the Constitution of Idaho, article 5, section 9, the legislature is given authority to fix the scope of appeal, now directly thereby provided for, from the Commission to the court, and by I. C. A., sec. 59–629, the court is limited to a determination of whether the Commission regularly pursued its authority. (*Boise Artesian Water Co. v. Public Utilities Com., supra; Coeur d'Alene Auto Freight v.*

*Public Utilities Com.*, 51 Ida. 56, 1 Pac. (2d) 627; *Nez Perce Roller Mills of Lewiston v. Public Utilities Com. of Idaho*, 54 Ida. 696, 34 Pac. (2d) 927; *Mountain View Rural Telephone Co. v. Interstate Utilities Co., ante*, p. 86, 38 Pac. (2d) 40.) This presupposes, however, and necessitates findings of fact by the Commission upon the ultimate facts necessary to be found to support the conclusions of the Commission, which in this case would be the fixing of a reasonable and just rate.

■ Evidence was introduced bearing upon the valuation of the property of appellant and respondents, used in this service. The evidence further showed that toll calls were carried over both systems and that respondent collected and paid to appellant all prepaid calls originating on respondents' lines and all collect, incoming, long distance calls, but that no division had ever been made by appellant to respondent for respondents' services in such connection. The Commission should have found the valuation of the respective properties both of appellant and respondent, used in connection with the service rendered by appellant to respondents for the exchange service, and have considered in connection therewith the respective services in connection with long distance calls, not in respect to what are reasonable charges for long distance calls, but as bearing on what is a reasonable rate to be charged by appellant for the exchange service involved herein.

■ The cause must therefore be reversed for the Commission to make such valuation and determine what is a reasonable rate, based upon what is a fair return to appellant, reasonable and economic cost of such service, considering also what respondents can reasonably afford to pay for such service, the burden of proof to establish any increase over the 50 cent rate being on the appellant. (*Sawyer v. Mays*, P. U. R. 1920D, 793; *Re Proposed Increases in Freight Rates*, P. U. R. 1918B, 52; *Re American Railway Express Company*, P. U. R. 1921C, 453; *Re Virginia Railway and Power Co.*, P. U. R. 1925B, 14; *Re Viola Telephone Co.*,

P. U. R. 1919F, 47; *In re Joplin Waterworks Co.*, P. U. R. 1915C, 125; *Anderson v. Clinton County Telephone Co.*, P. U. R. 1917A, 31; *New Jersey Central Traction Co. v. Board of Public Utility Com.*, 96 N. J. L. 90, 113 Atl. 692, P. U. R. 1921D, 39; *Re Long Island Railroad Co.*, P. U. R. 1918A, 649; *Re United Traction Co.*, P. U. R. 1921B, 638; *Re Rates on Wall Board, Carloads*, P. U. R. 1916E, 109; *Quinn v. Harrisburg Railways Co.*, P. U. R. 1920C, 106; *City of Pottsville et al. v. Pottsville Water Co.*, P. U. R. 1928B, 613; *Re New England Telephone & Telegraph Co.*, P. U. R. 1927C, 348; *Natural Gas Co. of West Virginia v. Public Service Com.*, 95 W. Va. 557, 121 S. E. 716, P. U. R. 1924D, 346.

I. C. A., secs. 59–622 and 59–623, upon their face are in conflict with each other, inconsistent and contradictory. Respondent contends that this inconsistency and contradiction is removed if the word "not" is read into the fourth line of section 59–623 before the word "increasing," and that the word "not" was in all statutes having almost the identical wording of our section adopted at about the same time by other adjacent states. If I. C. A., sec. 59–623, be given effect as it now reads, section 59–622 is really entirely superfluous and would be of no effect; if, however, the word "not" be read in as contended by respondents, the two sections are harmonious, sec. 59–622 dealing with increased rates and sec. 59–623 dealing with new but not increased rates. While courts may not legislate or substitute their opinion or judgment for that of the legislature, where it is clear that words have been inadvertently or mistakenly used, or omitted, the court may and will determine the true and proper meaning of the legislative act (*People v. Hunt*, 1 Ida. 433; *Ingard v. Barker*, 27 Ida. 124, 147 Pac. 293; *State v. Jones*, 34 Ida. 83, 199 Pac. 645; *In re Segregation of School Dist. No. 58*, 34 Ida. 222, 200 Pac. 138; *Smith-Nieland v. Reed*, 39 Ida. 788, 231 Pac. 102, per Dunn, J., dissenting), and must, if possible, harmonize conflicting statutes and give them a reasonable and sensible construction. (*State v. Montroy*, 37 Ida. 684, 217 Pac. 611;

*First Nat. Bank v. Board of Commrs.*, 40 Ida. 391, 232 Pac. 905; *Oregon Short Line R. R. Co. v. Pfost*, 53 Ida. 559, 27 Pac. (2d) 877; *Lebrecht v. Union Indemnity Co.*, 53 Ida. 228, 22 Pac. (2d) 1066, 89 A. L. R. 640.) Applying these rules to these statutes it would seem clear that the word ''not'' should be read into this statute and therefore the 75 cent rate promulgated by appellant's predecessor is not legally in effect.

The cause is therefore reversed and remanded, with directions to the Commission to determine the valuation of appellant's and respondents' properties used and useful in the service rendered by appellant and fix a reasonable rate therefor, in accordance with the views expressed herein.

No costs awarded.

Morgan, J., and Sutphen and Rice, D.JJ., concur.

Budge, J., did not participate.

Holden and Ailshie, JJ., deemed themselves disqualified.

Petitions for rehearing denied.