(May 29, 1924.)

SANFORD F. HARTMAN, Appellant, v. GEORGE MEIER,
E. BUCHANAN and ELLA INNIS, as Election Judges
of Precinct No. 5, City of Boise, Ada County, Idaho,
Respondents.

[227 Pac. 25.]

AGREED CASE—MUNICIPAL BOND ELECTION—ELECTORS—QUALIFICATIONS.
    A resident of a municipality who owns an automobile on which
    he has paid a registration fee, but who owns no other property
    taxable in said municipality, is not entitled to vote at a municipal
    bond election.

APPEAL from the District Court of the Third Judicial
District, for Ada County. Hon. Dana E. Brinck, Judge.

Submission of controversy without action. Judgment of
dismissal. *Affirmed.*

Reddoch & Hunter and Aston S. Peake, for Appellant.

C. S., chap. 69, secs. 1588–1604, is a revenue measure and
therefore a tax. (*In re Kessler,* 26 Ida. 764, Ann. Cas.
1917A, 228, 146 Pac. 113, L. R. A. 1915D, 322; *State v.
Nelson,* 36 Ida. 713, 722, 213 Pac. 358; *Waters-Pierce Oil
Co. v. City of Hot Springs,* 85 Ark. 509, 109 S. W. 293,
16 L. R. A., N. S., 1035; *Ex parte Denny,* 59 Tex. Cr. 579,
129 S. W. 115; 37 Cyc. 711; 26 R. C. L., pp. 15–20; *Hen-
drick v. Maryland,* 235 U. S. 610, 35 Sup. Ct. 140, 59 L. ed.
385; *Robinson v. City of Norfolk,* 108 Va. 14, 128 Am. St.
934, 60 S. E. 762, 15 L. R. A., N. S., 294; *State v. Schofield,*
136 La. 702, 67 So. 557; Burroughs on Taxation, chap. 9,
par. 77, License Tax; Cooley on Taxation, chap. 19, p. 1139;
*Glascow v. Rowse,* 43 Mo. 479; *State v. Bengsch,* 170 Mo. 81,
70 S. W. 710; *Ex parte Schuler,* 167 Cal. 282, Ann. Cas.
1914C, 706, 139 Pac. 685; *Ellis v. Frazier,* 38 Or. 462, 63
Pac. 642; *Vernor v. Secretary of State,* 179 Mich. 157, Ann.
Cas. 1915D, 128, 146 N. W. 338.)

The statutory apportionment of the proceeds of automobile licenses is sufficient to qualify such a licensee as a taxpayer under the provisions of C. S., sec. 4114. (C. S., sec. 1582.)

Richards & Haga, for Respondents.

The automobile registration fee required by C. S., chap. 69, has been held by this court to be an exaction not in violation of the constitution, and not a property tax, but a license fee for the privilege of operating motor vehicles upon the public highways. (*In re Kessler*, 26 Ida. 764, Ann. Cas. 1917A, 228, 146 Pac. 113, L. R. A. 1915D, 322; *Achenbach v. Kincaid*, 25 Ida. 768, 140 Pac. 529.)

The legislature has the right primarily for enforcement of good order and protection to not only prescribe rules of the road to govern relative obligations and duties of those using the highways, but to require the registration of vehicles and to charge fees therefor under the police power as necessary to the preservation of the health, comfort and safety of the citizens of the state. (*Hendrich v. Maryland*, 235 U. S. 610, 35 Sup. Ct. 140, 59 L. ed. 385; *In re Hoffert*, 34 S. D. 271, 148 N. W. 20, 52 L. R. A., N. S., 949; *Bleon v. Emery*, 60 Utah, 582, 209 Pac. 627; *Kane v. State*, 81 N. J. L. 594, Ann. Cas. 1912D, 273, 80 Atl. 453, L. R. A. 1917B, 553.)

Where the legislature imposes a property qualification upon electors eligible to vote upon the issuance of bonded indebtedness, only those who have taxable property within the municipality or subdivision voting such bonds which would be primarily affected by the result of the election upon the submission of such bonds and might be subjected to the burden thereof are qualified to vote. (*Hicks v. Krigbaum*, 13 Ariz. 237, 108 Pac. 482.)

An automobile in the state of Idaho upon which the registration fees have been paid is exempt from taxation and cannot be subjected by a municipality or any other subdivision to any tax to pay either principal or interest upon any bonded indebtedness. (C. S., secs. 1602, 3099.)

The terms "police power" and "regulation" must be elastic in order to meet changing conditions and the development of industries. (Cooley on Taxation, 3d ed., chap. 29, p. 3515.)

McCARTHY, C. J.—This action is brought upon an agreed statement of facts under the provisions of art. 2, tit. 56, of the Compiled Statutes of Idaho, secs. 7305–7307. The agreed statement as submitted to the court is to the effect that the appellant is now a qualified elector of election precinct No. 5 of the city of Boise, county of Ada, state of Idaho; that by passage and approval of Ordinances 1406 and 1407 of said city, the council thereof have provided for the holding of a special election for the submission to the qualified electors who are taxpayers in said city the question of the issuance of municipal coupon bonds of said city; that on the 25th of April, 1924, and subsequent to the passage of the said ordinances the city council appointed the respondents as judges of election precinct No. 5 of said city, for the special election as provided in said ordinances and that they are now the duly appointed, qualified and acting election judges of such election precinct; that the appellant is now the owner of one certain motor vehicle on which he has paid a license in the sum of $20 for the calendar year of 1924 as prescribed by the statutes of this state and that such payment was duly and regularly made to the county assessor in and for Ada county; that the appellant is the owner of no other taxable property within said city; that on the twenty-sixth day of April, 1924, the respondents met as the duly qualified and acting election judges of said precinct No. 5 of said city of Boise, such meeting being held within the confines of said election precinct, at which time and place appellant requested of the respondents their ruling as to whether he was a taxpayer under the provisions of sec. 4114 of the Compiled Statutes of the state of Idaho; that the said respondents, and each of them, informed the appellant that he was not a taxpayer under said section and that he would not be allowed the

privilege of voting at the election held for the purpose of authorizing said general municipal bonds, as stated herein, and that at the proper time and place as prescribed in said ordinances for holding the election, the appellant will present himself for the purpose of voting on the question of the issuance of such municipal bonds.

Attached to the agreed statement of facts is the affidavit of each of the parties to this controversy, that the controversy is real and brought in good faith for the purpose of determining the rights of the parties hereto.

The question presented is "whether the words 'taxpayers of the municipal corporation' under C. S., sec. 4114, prescribing the qualifications of an elector at a city bond election, include a resident of the city who owns an automobile on which he has paid the registration fee, but who owns no other property taxable in said city."

Upon the submission of such controversy the district court ordered the dismissal of the action upon the ground and for the reason that appellant is not a taxpayer of the municipal corporation within the meaning of sec. 4114 of the Compiled Statutes of Idaho, and by reason thereof is not entitled to vote upon the question of the issuance of municipal coupon bonds. From that judgment this appeal is taken.

The decision of this case depends upon an interpretation of the provisions of C. S., sec. 4114, which prescribe the qualifications of voters in municipal bond elections, to wit:

"Sec. 4114. . . . . The ordinance shall also provide for the holding of an election of the qualified electors who are taxpayers of such municipal corporation, . . . . If at such election held as provided for in this chapter two-thirds of the qualified electors who are taxpayers in such municipal corporation, voting at such election, assent to the issuing of such bonds and the incurring of the indebtedness thereby created for the purpose aforesaid, such bonds for said purpose shall be issued in the manner hereinafter provided."

The learned district judge who tried the case below delivered the following memorandum opinion on rendering judgment:

"Plaintiff's theory is that if the registration fee imposed by the Motor Vehicle Act is for police regulation, it is a license, and the owner is not a taxpayer; but that if it is imposed primarily for revenue, it is a tax and that the automobile owner is a taxpayer within the meaning of the statute.

"If plaintiff's analysis of the question is correct, his conclusion would appear to be so. The automobile owner in one sense pays a tax. Under the obvious facts as to the purposes of the Motor Vehicle Act, and the amount of revenue derived thereunder, as well as· under the decisions of the supreme court of this state, the imposition of the registration fee is a revenue measure, and is referable not to the police power of the state, but to its taxing power. This is held generally as to licenses, in *State v. Nelson,* 36 Ida. 713, at 722, 213 Pac. 358; and specifically as to the automobile registration fee in the *Kessler Case,* 26 Ida. 764, Ann. Cas. 1917A, 228, 146 Pac. 113, L. R. A. 1915D, 322.

"But I cannot agree with plaintiff that the question of whether the registration fee is for revenue or for regulation, determines the issues here. The meaning of the words 'taxpayers of such municipal corporation' is not so definitely fixed as to preclude a construction having in view the ascertainment of the intent of the legislature in using these words. If more than one significance may reasonably be attached to the language, or a literal construction will make the act absurd, the court may properly resort to construction. (37 Cyc. 716.) That the words 'taxes' and 'taxpayers' may have different meanings in different connections is not only apparent from our common understanding and use of those terms, but from the fact that such words have been frequently construed in various senses by the courts generally, including our own supreme court.

"In its broadest sense, a regulatory license is a tax, but counsel admits such licensee is not a taxpayer within the meaning of our statute. Sec. 8 of art. 7 of our constitution provides that all taxes shall be uniform, but our court has held in the Kessler case that this provision relates only to

taxation 'according to the commonly accepted meaning of that term' by assessment and levy based on valuation. Our court also held in the Nelson case that the constitutional provision authorizing the legislature to delegate to municipalities the power to assess and collect taxes has reference only to property taxation where the tax is assessed and collected upon property values, in the usual and ordinary manner; and in *Pocatello v. Murray*, 23 Ida. 447, Ann. Cas. 1914C, 1050, 130 Pac. 383, our court quoted with approval the definition of 'taxpayer' as applied to water rate commissioners, as meaning that a taxpayer is a person owning property subject to taxation, and on which he regularly pays taxes.

"The court in construing a statute should aim to give it a sensible construction, such as will effectuate the legislative intent, and if possible avoid an absurd conclusion; and under this rule, it was held in *Hicks v. Krigbaum*, 13 Ariz. 237, 108 Pac. 482, that the words 'taxpayer of the district,' as used in defining the qualifications of electors on the question of school district problems, is limited to those who pay taxes on property within the district.

"What, then, is the purpose of the legislature in requiring that electors at bond elections must possess the added qualification of being 'taxpayers of the municipality'? The mere ownership of property has long since ceased to be considered as a proper element in determining the general right of suffrage; a property owner is no more competent to judge of the suitability of a candidate for office or the advisability of a public improvement than any other person. Obviously the purpose of this act was to restrict the issuance of bonds to such issues as should be consented to by at least two-thirds of those who were to be primarily affected by the burden thereby imposed. Any other purpose would be unreasonable and absurd. Unless the ownership of property be considered only with reference to the burden imposed by the result of the election, it should not be considered at all. The legislature in adding this qualification must have intended to require the submission of the question to those

who would be peculiarly affected by the result of the election. An automobile owner who pays his registration fee is not so affected; the issuance of the bonds neither increases nor diminishes the amount of his license fee, and his automobile is not otherwise taxed. Nor is his privilege fee within the commonly accepted meaning of the word 'tax,' nor is he a taxpayer in the commonly accepted meaning, as held in the decisions above mentioned.''

It is our opinion that the district court reached the correct conclusion. Accordingly, the judgment is affirmed. No costs awarded.

William A. Lee and Wm. E. Lee, JJ., concur.