(No. 6698.   November 6, 1939.)

STATE ex Rel. ANDY ANDERSON, on Behalf of Himself and on Behalf of All Persons Similarly Situated, Respondent, v. HARRY M. RAYNER, as Commissioner of Law Enforcement of the State of Idaho, Appellant.

[96 Pac. (2d) 244.]

J. W. Taylor, Attorney General, D. W. Thomas, Lawrence B. Quinn, E. G. Elliott and R. W. Beckwith, Assistant Attorneys General, for Appellant.

Ralph R. Breshears, for Respondent.

AILSHIE, C. J.—This action was commenced by the plaintiff in the lower court, on behalf of himself and others similarly situated, against J. L. Balderston, then commissioner of law enforcement, to procure a writ of mandate commanding him to act upon, approve and certify plaintiff's claim for refund of certain motor fuels excise taxes paid by him on the purchase of motor fuels during the year 1938. Mr. Balderston's term having expired, Mr. Harry M. Rayner, his successor in office, was substituted as party plaintiff and is now appellant in this court. The case was decided on demurrer

and involves only a question of law. The trial court entered a judgment for the plaintiff, from which this appeal is taken.

It appears that the plaintiff was engaged in logging operations on the lands of the Boise-Payette Lumber Company in Valley county and in order to successfully conduct his operations, he purchased five Diesel trucks and opened up a number of private logging roads through the lands to be logged. In the course of his operations he purchased motor fuel which was used in operating these trucks. In these operations he traveled over the lands belonging to the lumber company and thence onto the highway to the railroad station at Smiths Ferry. About two-thirds of the distance traversed was over privately owned roads of the plaintiff and one-third over public highways. Plaintiff's trucks were duly registered under the Motor Vehicle Registration Act as required by sec. 48-107, I. C. A. Respondent presented his claim for refund of tax paid on the quantity of motor fuel used in operating his motors otherwise than on the public highways. The commissioner rejected the claim.

Chapter 46, page 72, of the 1933 Session Laws, provided for certain tax refunds and the part of the statute here involved is contained in section 18, which reads as follows:

''Any person who shall buy and use motor fuel for the purpose of operating or propelling stationary gasoline engines, tractors or motor boats, or who shall purchase and use any motor fuel for cleaning or dyeing or other use of the same, except in motor vehicles operated or intended to be operated upon the public highways of the state, except in air craft, and who shall have paid any excise tax on such motor fuel hereby required to be paid, whether directly to the vendor from whom it was purchased, or indirectly by adding the amount of such excise tax to the price of such motor fuel, shall be entitled to be reimbursed and repaid the amount of such excise tax so paid by him in the following manner and under the following conditions:

''(a) Claimant shall present to the commissioner an affidavit supported by the original receipted invoice or invoices showing purchase. Such affidavit shall be verified by the oath of the claimant and shall state the name of the person from whom purchased, date of purchase, the total amount of

such motor fuel purchased, that the motor fuel so purchased has been paid for, and that the same has been used by said claimant *otherwise than in motor vehicles operated or intended to be operated upon the public highways within the State of Idaho.*"

The above-quoted portion of the statute was amended by section 1 of chapter 57 of the 1937 Sess. Laws, page 76. The original statute, as shown by the words italicized above, stated the exception in the following words, *"except in motor vehicles operated or intended to be operated upon the public highways of the state"*. The amendatory act omitted the foregoing quoted language and instead thereof used the following: "except in *any* motor *vehicle, . . . . required to be registered by the provisions of the Uniform Motor Vehicle Registration Act.*"

It is contended by respondent that this change of language has not accomplished any change in the exceptions from the tax refund for the reason that the amendatory act still contains the provision that the claimant shall present to the commissioner an affidavit which "shall be verified by the oath of the claimant and shall state the name of the person from whom purchased, . . . . and that the same has been used by said claimant *otherwise than in motor vehicles operated or intended to be operated upon the public highways within the State of Idaho.*" (Italics ours.)

It occurs to us that the requirement that affidavit state that motor fuel for which the refund is claimed "has been used by said claimant otherwise than in motor vehicles operated or intended to be operated upon the public highways within the State of Idaho" is just as essential for claiming a refund, under the amendatory statute, as it would be under the original statute. In either case the ultimate fact that must be established is that the motor fuel was not used in a motor operated or "intended to be operated upon any highway in this state."

The statute, sec. 48–107 (amended 1935 Sess. Laws, chap. 91, p. 172), provides that:

"Every owner of a motor vehicle, trailer or semi-trailer intended to be operated upon any highway in this state shall before the same is so operated, apply to the assessor of the

county in which he resides for and obtain the registration thereof, except the owner of any vehicle which is exempted by section 48–108 and excepting, also, when an owner is permitted to operate a vehicle under the special provisions relating to lien holders, manufacturers, dealers, and nonresidents contained in sections 48–118 (d), 48–119 and 48–121.''

Section 48–108 provides that ''Farm tractors, road rollers and road machinery temporarily operated or moved upon the highways need not be registered under this chapter.''

Under the amendment the exception to the refund provision is limited to motor vehicles ''required to be registered by the provisions of the Uniform Motor Vehicle Registration Act.'' The legislature has seen fit to fix the requirements of the registration act *as the standard and test* by which the administrative officers shall act and be guided in determining where refunds shall be allowed and where they shall be disallowed. This was evidently thought the most reliable and safest way of determining whether the motor fuel for which refund is claimed has been used in operating a motor on the public highways of the state. This is true no doubt for the reason that the legislature had already enacted that every motor vehicle operated or intended to be operated on the public highways shall be registered (sec. 48–107, I. C. A.); and it must have been thought *any vehicle that is registered,* under the registration act, is intended for use on the highways. It is doubtful if ever any registered motor is operated *exclusively* on the state highways. Every motor is operated at some time and for some distance and purpose on privately owned premises and roadways; and it would be wholly impracticable, if not impossible, for the law enforcement department to investigate and ascertain with any degree of certainty the validity of the thousands of claims that would be made for refunds, if everyone would claim his right to refund for every use of his car off the public highway.

The language is clear as to the intention of the legislature in enacting the amendment here in question and it is the duty of the court to give effect to the legislative intent. (*Smith-Nieland v. Reed,* 39 Ida. 788, 793, 794, 231 Pac. 102; *Hartman v. Meier,* 39 Ida. 261, 266, 227 Pac. 25, *State v.*

*Armstrong,* 38 Ida. 493, 500, 225 Pac. 491, 33 A. L. R. 835; *Steinour v. Oakley State Bank,* 32 Ida. 91, 94, 177 Pac. 843; *Swain v. Fritchman,* 21 Ida. 783, 795, 125 Pac. 319; *In re Garrett Transfer & Storage Co., Inc.,* 53 Ida. 200, 201, 205, 23 Pac. (2d) 739; *Filer Highway Dist. v. Shearer,* 54 Ida. 201, 209, 30 Pac. (2d) 199; *Idaho Gold Dredging Co. v. Balderston,* 58 Ida. 692, 701, 78 Pac. (2d) 105.)

Moreover, where a statute is amended by *changing the language* from that used in the original statute, the presumption arises that a change in application was intended. (*United Pacific Ins. Co. v. Bakes,* 57 Ida. 537, 546, 67 Pac. (2d) 1024; *Moody v. State Highway Dept.,* 56 Ida. 21, 25, 48 Pac. (2d) 1108; *In re Garrett Transfer & Storage Co., Inc., supra;* 59 C. J. 1097, note 35; 25 R. C. L., p. 1051, sec. 276, notes 4 and 5.) It is the duty of the court to give effect to a statute wherever it is possible to do so and keep within the terms of the language used.

It is suggested by respondent that to uphold the statute as written in the amendment would be contrary to the provisions of section 13, article 1 of the Constitution of Idaho and section 1 of the Fourteenth Amendment to the United States Constitution, in that it would result in depriving the respondent of his property without due process of law and deny him the equal protection of the law. This contention is unsound for the reason that the legislature has the right and power to make classifications for purposes of taxation and in so classifying to make reasonable exceptions; and this power is limited only by the condition that the classifications must be founded on some reasonable difference between the parties or conditions or be necessary to the proper enforcement and execution of the law. (*United Pacific Ins. Co. v. Bakes,* 57 Ida. 537, 547, 67 Pac. (2d) 1024; *Diefendorf v. Gallet,* 51 Ida. 619, 642, 10 Pac. (2d) 307; *J. C. Penney Co. v. Diefendorf,* 54 Ida. 374, 32 Pac. (2d) 784; *Hart Refineries v. Harmon,* 278 U. S. 499, 49 Sup. Ct. 188, 73 L. ed. 475.)

*Oregon Short Line R. R. Co. v. Pfost,* 53 Ida. 559, 27 Pac. (2d) 877, relied on by respondent, is not authority for the contention made in this case, because of the fact that the railroad company does not operate its motors on the public

highways, nor is it required to register its motors under the Motor Vehicle Registration Act. On the other hand, the railroad company pays *ad valorem* taxes on its motors and other rolling stock, right-of-way and track.

There is no discrimination under this amendatory statute, since it provides a simple, definite and uniform rule for determining when and under what circumstances the refunds shall be allowed. It applies to all alike within the class. If the motor vehicle in which the fuel was consumed is not required to be registered under the Motor Vehicle Registration Act, then the refund is collectible; otherwise it cannot be collected. Furthermore, the tax from which the exemption is claimed, being an excise tax, there is no constitutional requirement that the legislature lay the tax uniformly on all subjects or classes. (*Diefendorf v. Gallet,* 51 Ida. 619, 625, 10 Pac. (2d) 307; *J. C. Penney Co. v. Diefendorf, supra.*)

It often happens in the administration of a law that it is imperatively necessary to establish some definite fixed standard as a measuring stick or guide by which the administrative officers may be aided in the enforcement of the law. Classifications for such purpose in aid of the police power are permissible. (*State v. Auclair,* 110 Vt. 147, 4 Atl. (2d) 107, 114, and other authorities there cited; *Buttfield v. Stranahan,* 192 U. S. 470, 24 Sup. Ct. 349, 48 L. ed. 525.)

For the reasons herein stated, we conclude that the amendatory statute (sec. 1, chap. 57, 1937 Sess. Laws) is valid. The judgment should be reversed and it is so ordered, and the cause is remanded with directions to sustain the demurrer. Costs awarded to appellant.

Budge, Givens, Morgan and Holden, JJ., concur.