964 P.2d 667

**Sharon K. SMITH, Plaintiff–Respondent,**

v.

**Vernon K. SMITH, Defendant–Appellant.**

**No. 23487.**

Court of Appeals of Idaho.

May 12, 1998.

Rehearing Denied Aug. 6, 1998.

Review Denied Sept. 30. 1998.

Vernon K. Smith Jr., Boise, pro se Defendant-Appellant.

Ronald L. Swafford, Idaho Falls, for Plaintiff-Respondent.

LANSING, Chief Judge.

This appeal challenges the propriety of an order renewing a judgment. We affirm the order.

Sharon K. Smith initiated this divorce action against Vernon K. Smith in 1990.[1] The divorce proceedings resulted in a judgment, entered on February 11, 1991, requiring Vernon to pay a sum of money to Sharon as part of the division of community property. Because the judgment remained unsatisfied, on January 26, 1996, Sharon filed a motion to

renew the judgment pursuant to Idaho Code Section 10–1111. The motion was served on Vernon, who filed an objection to the requested renewal. After a hearing, in November 1996, the district court issued an order renewing the judgment. Vernon now appeals from that order.

Vernon's challenge to the judgment renewal involves two statutes, I.C. §§ 10–1110 and –1111. Section 10–1110 provides that when a transcript or abstract of a judgment has been recorded in the office of a county recorder, the judgment becomes a lien upon all real property of the judgment debtor in that county, and the lien continues for five years from the date of the judgment.[2] Section 10–1111 authorizes renewal of the judgment as follows:

> Unless the judgment has been satisfied, at any time prior to the expiration of the lien created by section 10–1110, Idaho Code, or any renewal thereof, the court which entered the judgment, other than a judgment for child support, may, upon motion, renew such judgment. The renewed judgment may be recorded in the same manner as the original judgment, and the lien established thereby shall continue for five (5) years from the date of judgment.

Vernon contends that the renewal of Sharon's judgment is improper for two reasons. First, he argues that a judgment cannot qualify for renewal under § 10–1111 if it has never "attained lien status" due to the lack of any real property to which a lien could attach. According to this argument, Vernon has never owned any real property since the entry of the judgment and consequently there has been no lien created by Sharon's judgment. Because I.C. § 10–1111 provides for renewal of a judgment only "at

---

1. This same divorce proceeding yielded a previous appeal, *Smith v. Smith*, 124 Idaho 431, 860 P.2d 634 (1993).

2. Idaho Code § 10–1110 provides in part:
A transcript or abstract of any judgment or decree of any court of this state or any court of the United states the enforcement of which has not been stayed as provided by law, if rendered within this state, certified by the clerk having custody thereof, may be recorded with the recorder of any county of this state, who shall immediately record and docket the same as by law provided,

and from the time of such recording, and not before, the judgment so recorded becomes a lien upon all real property of the judgment debtor in the county, not exempt from execution, owned by him at the time or acquired afterwards at any time prior to the expiration of the lien; ... The lien resulting from recording a judgment other than for support of a child continues five (5) years from the date of the judgment, unless the judgment be previously satisfied, or unless the enforcement of the judgment be stayed upon an appeal as provided by law.

any time prior to the expiration of the lien created by section 10–1110," Vernon avers that Sharon's judgment may not be renewed under § 10–1111.

■ This argument presents an issue of statutory interpretation. In construing a statute, it is our duty "to ascertain the legislative intent, and give effect thereto. In ascertaining this intent, not only must the literal wording of the statute be examined, but also account must be taken of other matters, 'such as the context, the object in view, the evils to be remedied, the history of the times and of the legislation upon the same subject, public policy, contemporaneous construction, and the like.'" *Messenger v. Burns,* 86 Idaho 26, 29–30, 382 P.2d 913, 915 (1963) (quoting *In re Gem State Academy Bakery,* 70 Idaho 531, 541, 224 P.2d 529, 535 (1950)). Judicial interpretation of a statute should "aim to give it a sensible construction" such as will effectuate the legislative intent while, if possible, avoiding an absurd conclusion. *Hartman v. Meier,* 39 Idaho 261, 266, 227 P. 25, 26 (1924). Here, although we find no legislative history to guide us, the object of § 10–1111 and its relationship to other legislation on the same subject lead us to reject Vernon's interpretation.

It appears that prior to adoption of I.C. § 10–1111, a money judgment could be renewed only by bringing an action on the judgment within six years after its entry. *See* I.C. §§ 5–215, 11–105; *Caxton Printers, Ltd. v. Ulen,* 59 Idaho 688, 86 P.2d 468 (1939); *Gertztowt v. Humphrey,* 53 Idaho 631, 27 P.2d 64 (1933); *Bashor v. Beloit,* 20 Idaho 592, 119 P. 55 (1911). The apparent legislative purpose in adopting § 10–1111 was to create a simpler means of judgment renewal which would not require the commencement of an entirely new action. We perceive no reason why the legislature would have intended to afford this simpler procedure only if the judgment debtor possessed real property to which a lien could attach. By its terms, § 10–1111 provides for the renewal of judgments, not just judgment liens. In our view, the language in § 10–1111 upon which Vernon relies merely designates the time period within which a renewal motion must be brought; it does not limit the

statute's application to those judgments that are secured by an actual lien on real property then owned by the judgment debtor.

■ Vernon's second attack on the district court's order challenges the order's timeliness. He asserts that to be effective, a renewal order must be entered within five years after the entry of the judgment. Vernon concedes that Sharon's motion was timely, but asserts that her effort to obtain renewal of the judgment was for naught because the court's order granting the motion was issued after the five years had expired. Again, we disagree.

We view I.C. § 10–1111 to be in the nature of a statute of limitation; it sets the time limit for a judgment creditor to take action to renew the judgment. Once a plaintiff has filed a motion for renewal within the five-year time frame, the plaintiff has done all that he or she ordinarily need do to obtain renewal, barring some valid challenge to the motion. The length of time that the court may require to act on the motion, and any delay that may be occasioned by the defendant filing an objection, are beyond the control of the plaintiff. In this case, Vernon's objection and his request for a hearing thereon prevented judicial action on Sharon's motion until after the five-year period had elapsed. Some slight delay also resulted from the voluntary recusal of the district judge to whom the renewal motion was originally assigned. Because Sharon's motion was filed within five years from entry of the judgment, however, the time limit of § 10–1111 was satisfied. Therefore, the district court's order granting Sharon's motion is valid.

### ATTORNEY FEES

Sharon has requested an award of attorney fees on appeal pursuant to I.C. §§ 12–120, –121, and 32–704. We do not find that a basis for such an award has been presented here. Sharon's assertion of a claim under § 12–120 is inappropriate. The action underlying the judgment that is the subject of this appeal was a divorce action, not an action "where the amount pleaded is twenty-five thousand dollars ($25,000) or less" nor an action to

recover upon an account, note, contract for goods or services, commercial transaction or the like. Section 12–120 is therefore inapplicable. We also decline to award fees under I.C. § 12–121 because we do not deem the appeal to have been brought frivolously, unreasonably or without foundation. *See Hentges v. Hentges,* 115 Idaho 192, 197, 765 P.2d 1094, 1099 (Ct.App.1988).

■ The final statutory basis for an attorney fee award cited by Sharon, I.C. § 32–704(3), authorizes a court, after considering the financial resources of both parties and other factors, to order one party in a divorce proceeding to pay the other a reasonable amount for the expense of maintaining or defending the proceeding, including attorney fees. The Idaho Supreme Court has expressed a policy of generally leaving it to the trial court to make orders under this statute as necessary to provide one party with the means of prosecuting or defending an appeal. *McNett v. McNett,* 95 Idaho 59, 61–62, 501 P.2d 1059, 1061–62 (1972); *Tolman v. Tolman,* 93 Idaho 374, 376, 461 P.2d 433, 435 (1969); *Brashear v. Brashear,* 71 Idaho 158, 165, 228 P.2d 243, 247 (1951). Sharon apparently did not present such a request to the trial court with respect to this appeal, nor has she presented this Court with any record or evidence regarding the respective resources of the parties and other factors to be weighed in determining whether an order for payment of fees under I.C. § 32–704(3) is appropriate. Accordingly, this Court will not award fees under § 32–704.

## CONCLUSION

The order of the district court renewing the judgment herein is affirmed. Costs, but not attorney fees, are allowed to respondent pursuant to I.A.R. 40.

PERRY and SCHWARTZMAN, JJ., concur.