# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 50134-2022

D.L. EVANS BANK,

    Plaintiff-Respondent,

v.

HENRY W. DEAN,

    Defendant-Appellant,

and

VALLEY CLUB HOMES, LLC and SUN VALLEY DEVELOPMENT, LLC,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Boise, August 2023 Term**

**Opinion filed: October 30, 2023**

**Melanie Gagnepain, Clerk**

---

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Blaine County. Jonathan P. Brody, District Judge.

The decision of the district court is <u>affirmed</u>.

Eberle, Berlin, Kading, Turnbow & McKlveen, Chtd., Boise, for Appellant. Bradley D. VandenDries argued.

Parsons, Loveland, Shirley & Lindstrom, LLP, Burley, for Respondent. Rhett M. Miller argued.

---

ZAHN, Justice.

This appeal primarily concerns when the statute of limitations begins to run on a claim for action on a judgment. Respondent, D.L. Evans Bank, obtained a default judgment against Appellant, Henry W. Dean, in 2010. Pursuant to Idaho Code section 10-1111(1), D.L. Evans obtained orders renewing the 2010 Judgment in 2015 and 2019. In 2020, D.L. Evans filed this lawsuit, alleging a single claim for action on the 2010 Judgment and seeking a new judgment for the amount that Dean owed on the 2010 Judgment plus accrued interest, attorney fees, and costs.

1

The district court concluded that D.L. Evans properly renewed the 2010 Judgment in 2015 and 2019, and that each renewal restarted the applicable six-year statute of limitations on D.L. Evans' claim for an action on a judgment. Dean argues that the district court erred because the limitation period on D.L. Evans' claim began to run when the judgment was first issued in 2010. Dean also argues that the district court erred in denying his motion to dismiss for lack of personal jurisdiction and denying his Idaho Rule of Civil Procedure 60(b)(4) motion to set aside the 2010 Judgment as void. For the reasons discussed below, we affirm the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2009, D.L. Evans filed a complaint against Dean (and others who have not appeared in this appeal) to collect on a promissory note secured by a deed of trust. Dean was the guarantor on the promissory note pursuant to a continuing commercial guaranty. After unsuccessful attempts to personally serve Dean with a copy of the complaint and summons, D.L. Evans mailed copies of the documents to Dean via certified mail. D.L. Evans also served Dean via publication. Less than two months later, Dean sent a letter dated December 9, 2009, to D.L. Evans' attorney acknowledging the complaint and asking D.L. Evans to dismiss the lawsuit. However, Dean never appeared in the action, and, on January 12, 2010, D.L. Evans obtained the 2010 Judgment against Dean for $1,063,503.16. On January 9, 2015, after filing a motion to renew the 2010 Judgment, D.L. Evans obtained an order from the district court renewing it. On October 22, 2019, after filing another motion to renew the 2010 Judgment, D.L. Evans obtained a second order renewing the judgment.

On February 21, 2020, D.L. Evans filed a complaint ("2020 Complaint") against Dean (and others who have not appeared in this appeal) alleging a single claim for action on the 2010 Judgment. Dean's former counsel filed a document entitled, "Notice of Appearance on Behalf of Defendant Henry W. Dean,"' which stated that "[t]his appearance is without waiver of any defenses, including, but not limited to, insufficient service of process and lack of personal jurisdiction." Dean later retained his current counsel, who moved to dismiss the complaint, arguing that the district court did not have personal jurisdiction over him. Dean later filed a second motion to dismiss, asserting that the claim was time-barred.

The district court denied both motions. The district court denied the first motion after concluding that Dean had voluntarily submitted to the court's personal jurisdiction by filing a general notice of appearance. The district court denied the second motion on the basis that the

parties had failed to adequately brief the issue of whether the 2020 Complaint was timely filed and advised the parties that they could brief the issue in a motion for summary judgment.

Both parties later filed motions for summary judgment. Dean argued that the 2020 Complaint should be dismissed because it was time-barred. D.L. Evans argued that it was entitled to partial summary judgment because the 2010 Judgment had been properly renewed in 2015 and 2019, and each renewal restarted the six-year statute of limitations for an action on the 2010 Judgment. As a result, the bank was entitled to summary judgment because there were no genuine issues of material fact precluding summary judgment. The district court denied Dean's motion and granted D.L. Evans' motion. The district court concluded that the 2020 Complaint was timely filed because D.L. Evans had properly renewed the 2010 Judgment in 2015 and 2019 and each renewal restarted the statute of limitations for an action on the 2010 Judgment.

D.L. Evans next moved the district court for summary judgment on the amount it was owed. D.L. Evans sought an award of $1,780,479.56—the principal amount of the 2010 Judgment plus accrued interest. In his memorandum in opposition to the motion, Dean argued that the 2010 Judgment was void and requested that the district court set it aside under Idaho Rule of Civil Procedure 60(b)(4). Specifically, Dean argued that D.L. Evans failed to properly serve him with the summons and complaint in 2009 and failed to mail other court filings to Dean's last known address. The district court denied Dean's motion, concluding that Dean could not collaterally attack the 2010 Judgment because Dean had failed to demonstrate that it was void on its face. The district court also concluded that, even if Dean were able to collaterally attack the 2010 Judgment, his attempt to do so was untimely. The district court entered a final judgment in favor of D.L. Evans, which Dean timely appealed.

## II.    ISSUES ON APPEAL

1. Whether the district court erred in denying Dean's motion to dismiss for lack of personal jurisdiction.

2. Whether the district court erred in granting D.L. Evans' motion for partial summary judgment because D.L. Evans' claim for an action on its judgment was time-barred.

3. Whether the district court erred in denying Dean's Rule 60(b)(4) motion to set aside the 2010 Judgment as void.

4. Whether either party is entitled to attorney fees on appeal.

### III. STANDARDS OF REVIEW

When reviewing a district court's order granting or denying a motion to dismiss, the standard of review for this Court depends on which subsection of Idaho Rule of Civil Procedure 12(b) is at issue. *Compare Fulfer v. Sorrento Lactalis, Inc.*, 171 Idaho 296, 300, 520 P.3d 708, 712 (2022) (de novo review of a dismissal pursuant to Rule 12(b)(6)), *with Herrera v. Estay*, 146 Idaho 674, 678–79, 201 P.3d 647, 651–52 (2009) (bifurcated review of a dismissal pursuant to Rule 12(b)(5)). We freely review a district court's decision that it possessed personal jurisdiction over an out-of-state defendant, which may be challenged pursuant to Idaho Rule of Civil Procedure 12(b)(2). *See Dep't of Fin., Sec. Bureau v. Zarinegar*, 167 Idaho 611, 621, 474 P.3d 683, 693 (2020).

"When reviewing an order for summary judgment, the standard of review for this Court is the same standard used by the district court in ruling on the motion." *Neeser v. Inland Empire Paper Co.*, 170 Idaho 692, 696, 516 P.3d 562, 566 (2022) (quoting *Mendenhall v. Aldous*, 146 Idaho 434, 436, 196 P.3d 352, 354 (2008)). "The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "The burden of establishing the absence of a genuine issue of material fact rests at all times with the party moving for summary judgment." *Neeser*, 170 Idaho at 696, 516 P.3d at 566 (quoting *Van v. Portneuf Med. Ctr.*, 147 Idaho 552, 556, 212 P.3d 982, 986 (2009)). "If there is no genuine issue of material fact, only a question of law remains, over which this Court exercises free review." *Demoney-Hendrickson v. Larsen*, 171 Idaho 917, 921, 527 P.3d 520, 524 (2023) (citation omitted).

### IV. ANALYSIS

#### A. The district court had personal jurisdiction over Dean.

Dean argues that the district court erred when it denied his motion to dismiss for lack of personal jurisdiction. Dean asserts that the 2020 Complaint failed to allege a basis for the district court's personal jurisdiction over him. Dean also disputes the district court's conclusion that he voluntarily submitted to the jurisdiction of the district court because the notice of appearance specifically stated that it did not waive any defenses, including lack of personal jurisdiction.

D.L. Evans counters that the district court had personal jurisdiction over Dean under Idaho Code section 5-514(a) because the 2010 Judgment arose from a business relationship that Dean had in Idaho. Additionally, D.L. Evans asserts that Dean waived his objection to personal

jurisdiction when he consented to jurisdiction in a continuing commercial guaranty and when his attorney filed a notice of appearance in the matter.

The district court denied Dean's motion. It first concluded that the 2020 Complaint alleged sufficient facts to establish personal jurisdiction under Idaho Code section 5-514(a) and (c) because the 2010 Judgment was "predicated on the transaction of business by the parties and on the ownership, use and possession of real property." The district court then determined that Dean voluntarily submitted to the court's personal jurisdiction when his counsel filed a general notice of appearance in the action.

We agree that Dean's notice of appearance constituted a voluntary appearance waiving any right to contest personal jurisdiction and affirm the district court's decision on that basis. Our analysis of this issue begins with Idaho Rule of Civil Procedure 4.1(a), which provides that the voluntary appearance of a party, except as provided in subsection (b) of the rule, constitutes a voluntary submission to the personal jurisdiction of the court. Subsection (b) of the rule then identifies how a party can specially appear to contest personal jurisdiction:

> (b) Motion or Special Appearance to Contest Personal Jurisdiction. The following do not constitute a voluntary appearance by a party under this Rule:
>
> > (1) a motion under Rule 12(b)(2), (4) or (5), whether raised before or after judgment;
> >
> > (2) a motion under Rule 40(a) or (b);
> >
> > (3) a motion for an extension of time to answer or otherwise appear;
> >
> > (4) the joinder of other defenses in a motion under Rule 12(b)(2), (4) or (5);
> >
> > (5) a response to discovery or to a motion filed by another party after a party files a motion under Rule 12(b)(2), (4) or (5), action taken by that party in responding to discovery or to a motion filed by another party;
> >
> > (6) pleading further and defending an action by a party whose motion under Rule 12(b)(2), (4), or (5) is denied; or
> >
> > (7) *filing a document entitled "special appearance," which does not seek relief but merely provides notice that the party is entering a special appearance to contest personal jurisdiction, if a motion under Rule 12(b)(2), (4), or (5) is filed within fourteen (14) days after filing the special appearance, or within such later time as the court permits.*

I.R.C.P. 4.1(b) (emphasis added). We have held that a notice of appearance that "reserve[d] all objections and defenses, including but not limited to defenses provided for under Rule 12(b) of the Idaho Rules of Civil Procedure" had "no effect" and constituted a general appearance. *Engleman*

*v. Milanez*, 137 Idaho 83, 85, 44 P.3d 1138, 1140 (2002). Here, counsel for Dean filed a notice of appearance, which could only constitute a special appearance to contest personal jurisdiction if it met the requirements of Rule 4.1(b)(7) and if he subsequently filed the necessary motion within fourteen days after filing the special appearance.

We hold that Dean's notice of appearance did not meet the requirements of Rule 4.1(b)(7) and therefore constituted a general appearance. First, the notice of appearance was not entitled "special appearance." Second, Dean did not file a motion under Rules 12(b)(2), (4), or (5) within fourteen days after filing his notice of appearance, nor did he seek leave from the court to extend the time for such a filing. Having failed to satisfy the requirements to contest personal jurisdiction under Rule 4.1(b)(7), Dean's notice of appearance constituted a voluntary submission to the personal jurisdiction of the court. I.R.C.P. 4.1(a).

Dean argues that the district court erred in concluding that he voluntarily submitted to the district court's personal jurisdiction because his notice of appearance purported to reserve his right to contest personal jurisdiction. Dean also contends that his motion to dismiss was timely under the rule because D.L. Evans' counsel granted him a ten-day extension to respond to the complaint and Dean filed a motion contesting the district court's personal jurisdiction within that timeframe.

Dean's first argument is foreclosed by our decision in *Engleman*. Dean's notice of appearance is virtually identical to the one we found lacking in *Engleman*. It was not entitled "special appearance" and contained only a general statement that Dean was not waiving any defenses, including lack of personal jurisdiction. The notice of appearance did not comply with Rule 4.1(b) and, as a result, it constituted a general appearance under the rule. *See Engleman*, 137 Idaho at 85, 44 P.3d at 1140.

Dean's second argument, that D.L. Evans' extension to answer the complaint served to extend his time to file a motion to dismiss under Rule 4.1(b)(7), is also unpersuasive. Dean cites no authority for his contention that parties can agree to extend the rule's fourteen-day timeframe without the court's express approval. Further, for reasons already discussed, Dean cannot satisfy the other requirements of Rule 4.1(b)(7). Accordingly, we affirm the district court's conclusion that Dean voluntarily submitted to the district court's personal jurisdiction.

**B.  The 2020 Complaint was timely filed.**

Having determined that the district court had personal jurisdiction over Dean, we now turn to the merits of Dean's appeal. The district court concluded that D.L. Evans' claim for an action

on its judgment was not barred by the six-year limitation period in Idaho Code section 5-215 (2004).[1] The district court concluded that each time D.L. Evans obtained a court order renewing the 2010 Judgment, the order restarted the limitation period for filing an action on the judgment. It then concluded that D.L. Evans timely renewed the 2010 Judgment in 2015 and 2019, and therefore, its 2020 Complaint for an action on the judgment was timely filed.

Dean argues that the district court erred because the six-year statute of limitations for an action on the judgment began to run when the judgment was originally entered in 2010. Dean maintains that the 2015 and 2019 orders renewing the 2010 Judgment are not "judgments"; therefore, they did not restart the statute of limitations for an action on the judgment. D.L. Evans counters that Idaho law unequivocally provided for the "renewal" of its 2010 Judgment. Therefore, the 2015 and 2019 orders renewing the 2010 Judgment restarted the limitation period for an action on the judgment.

At the time the 2010 Judgment was entered, Idaho Code section 10-1111 provided that a judgment was valid for five years. I.C. § 10-1111 (2004).[2] Idaho law also provided two processes for a judgment creditor to ensure the judgment remains effective after the initial five-year period: (1) renewing the judgment under Idaho Code section 10-1111, and (2) bringing a common law "action on the judgment." *See Smith v. Smith*, 131 Idaho 800, 802, 964 P.2d 667, 669 (Ct. App. 1998) (*Smith I*).

Under the first method, a creditor could file a motion in the original case to renew the judgment for an additional five-year period. I.C. § 10-1111. The parties agree that the 1995 version of section 10-1111, which was in effect at the time the 2010 Judgment was entered, is applicable here.

Under the second method, a creditor could bring a common law claim for an "action on the judgment." *Smith I*, 131 Idaho at 802, 964 P.2d at 669; *see also* I.C. § 5-215. An action on a judgment is a new lawsuit seeking a new judgment for the amount remaining due on the original judgment. *See Grazer v. Jones*, 154 Idaho 58, 67, 294 P.3d 184, 193 (2013) ("An action on a judgment results in a completely new Idaho judgment in favor of the judgment creditor."). When

[1] All references to Idaho Code section 5-215 in this opinion are to the version that existed before it was amended during the 2015 legislative session.

[2] All references to Idaho Code section 10-1111 in this opinion are to the version that was enacted in 1995 and that remained in effect until it was amended during the 2011 legislative session.

the 2010 Judgment was issued, Idaho law provided a six-year statute of limitations for an action on a judgment. I.C. § 5-215.

The crux of Dean's statute of limitations argument is that an order renewing a judgment is different than a judgment. Dean does not argue that the 2015 or 2019 orders renewing the 2010 Judgment were improper. Instead, Dean argues that, because the six-year statute of limitations in Idaho Code section 5-215 pertains to an action upon *a judgment*, the 2015 and 2019 *orders* did not restart the six-year statute of limitations. According to Dean, only a document entitled "judgment" can restart the statute of limitations. Dean's argument requires us to interpret the 1995 version of section 10-1111 to determine whether the district court's 2015 and 2019 orders renewed the judgment and, therefore, restarted the six-year statute of limitations for an action on the judgment.

"The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act." *Chester v. Wild Idaho Adventures RV Park, LLC*, 171 Idaho 212, 223, 519 P.3d 1152, 1163 (2022) (quoting *Nelson v. Evans*, 166 Idaho 815, 820, 464 P.3d 301, 306 (2020)). Statutory interpretation begins with the literal language of the statute giving the words their plain, usual, and ordinary meaning. *See Access Behav. Health v. Dep't of Health & Welfare*, 170 Idaho 874, 881, 517 P.3d 803, 810 (2022) (citation omitted). "If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written." *Chester*, 171 Idaho at 223, 519 P.3d at 1163 (quoting *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011)). "Statutory language is ambiguous where reasonable minds might differ or be uncertain as to its meaning." *Nordgaarden v. Kiebert*, 171 Idaho 883, 890, 527 P.3d 486, 493 (2023) (alteration omitted) (quoting *City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 582, 416 P.3d 951, 954 (2018)).

The plain language of section 10-1111 provides that a court may "renew" a judgment at any time prior to the expiration of the judgment. It does not specify that a new judgment must be issued in order to renew the prior judgment:

> Unless the judgment has been satisfied, at any time prior to the expiration of the lien created by section 10-1110, Idaho Code, or any renewal thereof, *the court which entered the judgment, other than a judgment for child support, may, upon motion, renew such judgment.* The renewed judgment may be recorded in the same manner as the original judgment, and the lien established thereby shall continue for five (5) years from the date of judgment.

I.C. § 10-1111 (emphasis added). Although the statute does not define the term "renew," "[t]his Court often turns to dictionary definitions '[t]o ascertain the ordinary meaning of an undefined

term in a statute[.]'" *State v. Bodenbach*, 165 Idaho 577, 586, 448 P.3d 1005, 1014 (2019) (second alteration in original) (citation omitted). The edition of Black's Law Dictionary in effect during 1995 defined "renew" as "[t]o make new again; to restore to freshness; to make new spiritually; to regenerate; to begin again; to recommence; to resume; to restore to existence; to revive; to reestablish; to recreate; to replace; to grant or obtain an extension of." *Renew*, Black's Law Dictionary (6th ed. 1990). The plain meaning of the term "renew" indicates that a court order granting a motion to renew a judgment "recommences" the judgment, thus making it new again.

Dean contends that the statutory language providing that "[t]he renewed judgment may be recorded in the same manner as the original judgment" indicates that a document entitled "renewed judgment" must be entered in order to renew a judgment. We disagree and decline to adopt such a narrow reading of the statute. Dean's argument takes the term "renewed judgment" out of context. The sentence immediately prior to the language Dean relies on states that, "the court which entered the judgment . . . may, upon motion, renew such judgment." Nothing in the statute indicates that a separate document entitled "renewed judgment" must be entered. Rather, when read in conjunction with the rest of section 10-1111 and the plain meaning of the word "renew," the language that Dean references simply stands for the proposition that the court order granting the motion to renew constitutes the renewed judgment and may be recorded in the same manner as the original judgment.

We hold that the plain language of section 10-1111 indicated that an order renewing a judgment operated to renew the judgment itself; therefore, the entry of another judgment was unnecessary to renew the original judgment. Our holding is further supported by our recent decision in another case interpreting the 1995 version of section 10-1111, in which we held that "[Idaho Code section] 10-1111 provides for the renewal of judgments, not just judgment liens." *See Alpha Mortg. Fund II v. Drinkard*, 169 Idaho 446, 452, 497 P.3d 200, 206 (2021) (alteration in original) (quoting *Smith I*, 131 Idaho at 802, 964 P.2d at 669).

In *Alpha Mortgage*, the respondent, Alpha Mortgage Fund II, obtained a judgment against the appellants, Robert and Nancy Drinkard, and later moved to renew its judgment within five years after it was entered. *Id.* at 449, 497 P.3d at 203. The district court entered an order renewing the judgment, but Alpha Mortgage never filed or recorded the renewed judgment to extend its judgment lien. *See id.* Within five years of the order renewing the original judgment, Alpha

Mortgage filed another motion to renew the original judgment, which the district court granted. *Id.* The Drinkards appealed the district court's second order renewing the original judgment. *Id.*

On appeal, the Drinkards argued that the original judgment expired and the "2015 Judgment"—which was actually the district court's order renewing the original judgment—was not subject to renewal because it had never been recorded. *Id.* at 451, 497 P.3d at 205. Interpreting the same version of section 10-1111 as the one before us now, we concluded that recording a judgment is unnecessary to the renewal process and rejected the Drinkards' argument because the second order for renewal was timely filed and Alpha Mortgage was not required to record a new judgment in order to renew it. *Id.* at 452–53, 497 P.3d at 206–07.

Similarly, in this case, no additional action beyond entry of the orders of renewal was required to renew D.L. Evans' 2010 Judgment. It was not necessary for D.L. Evans to also obtain a document entitled "renewed judgment," because section 10-1111, "[b]y its terms, . . . provides for the renewal of judgments, not just judgment liens." *Id.* at 451–52, 497 P.3d at 205–06 (citation omitted).

Dean argues that *Alpha Mortgage* does not control the outcome here because it did not concern whether the statute of limitations for an action on a judgment is reset by an order renewing a judgment under section 10-1111. We agree that, while *Alpha Mortgage* is instructive on the question of whether the 2015 and 2019 orders renewed the judgment, it did not address whether the orders could restart the statute of limitations for an action on the judgment. However, our holding today that the 2015 and 2019 orders renewed the 2010 Judgment resolves the issue.

As previously discussed, we hold that the 2015 and 2019 orders renewed the 2010 Judgment. The version of section 5-215 in effect in 2010 provided for a six-year statute of limitations to bring an action on a judgment. Each time the 2010 Judgment was renewed, the renewal restarted the six-year statute of limitations for an action on the judgment. We therefore affirm the district court's decision that the 2020 Complaint, filed the year after the 2010 Judgment was last renewed in 2019, was timely filed.

## C. The 2010 Judgment was not void for purposes of Rule 60(b)(4).

Dean also argues that the district court erred in declining to set aside the 2010 Judgment. The district court concluded that Dean could not set aside the 2010 Judgment through a collateral attack because it was not void on its face. The district court concluded that, even if a collateral attack were allowed, Dean's Rule 60(b)(4) motion to set aside the 2010 Judgment was untimely

because the record demonstrated that Dean knew about the 2010 Judgment for over a decade before seeking to set it aside. As a result, the district court never reached the question of whether the 2010 Judgment was void.

Dean argues that the district court's decision is erroneous for several reasons. First, Dean argues that he could attack the validity of the 2010 Judgment in the present action as an affirmative defense to D.L. Evans' action on that judgment. Thus, Dean argues that he did not collaterally attack the judgment and, therefore, the district court erred in concluding that he must demonstrate the 2010 Judgment was void on its face. Dean next argues that the district court erred when it concluded that he failed to timely move to set aside the 2010 Judgment because a motion under Rule 60(b)(4) can be filed at any time. Finally, Dean contends that the evidence he presented in support of his motion for summary judgment established that D.L. Evans had failed to properly serve him with the summons, complaint, and other documents in the underlying action that resulted in the 2010 Judgment.

D.L. Evans argues that the district court correctly held that Dean could not collaterally attack the 2010 Judgment because he has not argued that it is void on its face. D.L. Evans also argues that Dean's Rule 60(b)(4) motion was untimely. Finally, D.L. Evans argues that Dean was afforded due process in the underlying action and that Dean had actual notice of the underlying action.

"Generally, 'final judgments, *whether right or wrong*, are not subject to collateral attack.'" *Jim & Maryann Plane Fam. Tr. v. Skinner*, 157 Idaho 927, 933, 342 P.3d 639, 645 (2015) (quoting *Cuevas v. Barraza*, 152 Idaho 890, 894, 277 P.3d 337, 341 (2012)). However, a void judgment can be collaterally attacked because a "void judgment is a nullity, and no rights can be based thereon[.]" *Prather v. Loyd*, 86 Idaho 45, 50, 382 P.2d 910, 912–13 (1963) (citations omitted). This Court has historically held that, when collaterally attacked, a judgment must be void on the face of the judgment roll, and the judgment roll historically contained the record of the proceedings. *See Weil v. Defenbach*, 36 Idaho 37, 44, 208 P. 1025, 1026–27 (1922); *Welch v. Morris*, 49 Idaho 781, 783, 291 P. 1048, 1049 (1930); *O'Neill v. Potvin*, 13 Idaho 721, 731–32, 93 P. 20, 24 (1907).

Our holding in *Weil* predated the advent of our current rules of civil procedure. After we promulgated the rules of civil procedure, a separate but related body of caselaw developed under Rule 60(b)(4), which allows a court to set aside a judgment upon motion when the judgment is

void. We have stated that, "[n]otwithstanding the timeliness requirements of Rule 60(b), void judgments can be attacked at any time." *Golub v. Kirk-Scott, Ltd.*, 157 Idaho 966, 970, 342 P.3d 893, 897 (2015) (citing *Meyers v. Hansen*, 148 Idaho 283, 291, 221 P.3d 81, 89 (2009)). Accordingly, a litigant can mount a direct attack under Rule 60(b)(4) on a void judgment in the same action where it was entered or use Rule 60(b)(4) as a vehicle for avoiding the collateral consequences of a void judgment—such as in an enforcement action on the judgment. *See id.*

In light of the foregoing, we hold that the district court twice erred in its analysis of Dean's Rule 60(b)(4) motion. First, the district court erred by concluding that Dean's collateral attack on the 2010 Judgment failed because he did not argue that the judgment was void on its face. In rendering its decision, the district court relied on this Court's decision in *Weil* for the proposition that a collateral attack on a judgment can only succeed when the judgment is void on its face. *See Weil*, 36 Idaho 37, 208 P. 1025. Setting aside that *Weil* references the face of the "judgment roll" not the face of the "judgment," we reiterate today that a Rule 60(b)(4) motion can be brought at any time, including as a collateral attack on a void judgment in an action on that judgment.

The district court also erred when it concluded that Dean's collateral attack on the 2010 Judgment was untimely. As noted, a void judgment may be attacked at any time. *E.g.*, *Golub*, 157 Idaho at 970, 342 P.3d at 897. Accordingly, Dean was able to challenge the validity of the 2010 Judgment by arguing that it was void. Nonetheless, we affirm the district court's ultimate conclusion denying Dean relief from the 2010 Judgment because Dean has failed to establish that the 2010 Judgment was void. *Syringa Networks, LLC v. Idaho Dep't of Admin.*, 159 Idaho 813, 827, 367 P.3d 208, 222 (2016) ("The Court 'will uphold the decision of a trial court if any alternative legal basis can be found to support it.'" (citation omitted)).

To balance the interest in upholding the finality of judgments with the interest in not enforcing void judgments, the concept of a void judgment is narrowly construed. *Golub*, 157 Idaho at 970, 342 P.3d at 897 (citation omitted). A judgment is void only when there is some jurisdictional defect or the judgment was entered without due process of law:

> In order for a judgment to be void, there must generally be some jurisdictional defect in the court's authority to enter the judgment, either [1] because the court lacks personal jurisdiction or [2] because it lacks jurisdiction over the subject matter of the suit. A judgment is also void where it is [3] entered in violation of due process because the party was not given notice and an opportunity to be heard.

*Skinner*, 157 Idaho at 933, 342 P.3d at 645 (alteration in original) (citation omitted). A judgment is void on due process grounds when the "court's action amounts to a plain usurpation of power

12

constituting a violation of due process." *Meyers*, 148 Idaho at 291, 221 P.3d at 89 (quoting *Dep't of Health & Welfare v. Housel*, 140 Idaho 96, 100, 90 P.3d 321, 325 (2004)).

In this case, Dean contends that the judgment violated his procedural due process rights under both the United States and Idaho Constitutions because D.L. Evans failed to properly effectuate service of process on him in the 2009 lawsuit, as required by the Idaho Rules of Civil Procedure. Procedural due process requires notice and an opportunity to be heard, both of which "must occur at a meaningful time and in a meaningful manner[.]" *S Bar Ranch v. Elmore County*, 170 Idaho 282, 307, 510 P.3d 635, 660 (2022) (citation omitted). We conclude that Dean has failed to demonstrate a violation of his procedural due process rights.

Although Dean asserts that D.L. Evans' *service of process* in the 2009 action failed to comply with the Idaho Rules of Civil Procedure, the record establishes that Dean had *actual notice* of the underlying lawsuit, which establishes that he was afforded due process. The record includes a letter that Dean sent to D.L. Evans' attorney on December 9, 2009. In that letter, Dean states that "[y]ou [D.L. Evans] have filed an action against me and my former wife on our personal guarantees for the deficiency arising out of the foreclosure sale of two homes for the bank at the Village Green project located at the Valley Club." A review of the complaint in the 2009 action reveals that Dean's 2009 letter accurately recites the allegations set out in that complaint. The 2010 Judgment was not entered until January 13, 2010, which means Dean had actual notice of the action more than a month before judgment was entered against him. Despite having received the 2009 Complaint, Dean never appeared in the lawsuit. Moreover, Dean also admitted in a debtor's examination that he had notice of D.L. Evans' lawsuit and chose not to defend:

> I continued with my problem with D.L. Evans, of course, and they chose -- I sent them a letter; I tried to work with them; they wouldn't respond. And then a lawsuit was filed. I had no defenses to it, and I know what I'm saying. And so a judgment was taken.

The record demonstrates that Dean received actual notice of the suit and opted not to appear and defend himself. Dean's actual notice of the 2009 Complaint over a month before entry of the 2010 Judgment satisfied the requirements of procedural due process as a matter of law. *See S Bar Ranch*, 170 Idaho at 308, 510 P.3d at 661 (holding that hearing notices lacking certain details related to conditional use permit application did not violate appellant's procedural due process rights because the record revealed that appellant had actual notice of the details prior to the hearing).

Dean does not dispute that he received actual notice of the lawsuit, but instead argues that actual notice does not meet "the high burden of service of process and due process" because "[t]his Court has held on several occasions a defendant's actual notice of a lawsuit—even a defendant's possession of copies of a complaint and summons—is not sufficient to constitute legally required service of process." While it is true that this Court has held that actual notice is insufficient to demonstrate legally sufficient service of process, we have also held that actual notice would meet the requirements of due process. *Elliott v. Verska*, 152 Idaho 280, 287, 271 P.3d 678, 685 (2010) ("In fact, we held in *Campbell* that receiving a copy of the summons and complaint in the mail, which would obviously meet the requirements of due process, did not constitute service of the summons and complaint." (citing *Campbell v. Reagan*, 144 Idaho 254, 159 P.3d 891 (2007))).

Dean has not cited us to any authority supporting his position that, despite a party having received actual notice of a lawsuit, the failure to properly serve that party constitutes a due process violation. State and federal caselaw hold the contrary. *See id.*; *see also Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1203 (9th Cir. 2008) ("Because 'due process does not require actual notice, it follows a fortiori that actual notice satisfies due process. We find the argument that the Constitution requires something *more* than actual notice strained to the point of bizarre." (internal citation omitted)).

Because Dean had actual notice of the complaint over a month prior to the entry of judgment against him, Dean failed to establish a violation of his procedural due process rights. *See S Bar Ranch*, 170 Idaho at 308, 510 P.3d at 661. As a result, Dean has failed to demonstrate that the 2010 Judgment is void, and we affirm the district court's order refusing to set aside the 2010 Judgment under Rule 60(b)(4).

### D. D.L. Evans is entitled to an award of reasonable attorney fees on appeal pursuant to the commercial guaranty.

D.L. Evans seeks attorney fees under the terms of the commercial guaranty that Dean signed, which was the basis for Dean's liability in the underlying lawsuit that resulted in the 2010 Judgment. "Attorney fees on appeal may be awarded to the prevailing party when the parties contemplated such fees in the underlying contract." *Gordon v. U.S. Bank Nat'l Ass'n*, 166 Idaho 105, 123, 455 P.3d 374, 392 (2019) (citation omitted).

D.L. Evans is the prevailing party here because we have affirmed the district court's order. We hold that D.L. Evans is entitled to its attorney fees on appeal as provided in the commercial

14

guaranty that Dean signed. The commercial guaranty contemplates an award of attorney fees related to D.L. Evans' enforcement efforts, including its defense of this appeal:

> Guarantor [Dean] agrees to pay upon demand all of Lender's [D.L. Evans'] costs and expenses, including Lender's reasonable attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty. Lender may hire or pay someone else to help enforce this Guaranty, and Guarantor shall pay the costs and expenses of such enforcement. *Costs and expenses include Lender's reasonable attorneys' fees and legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and legal expenses for* bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), *appeals*, and any anticipated post-judgment collection services. Guarantor also shall pay all court costs and such additional fees as may be directed by the court.

(Emphasis added.) D.L. Evans seeks recovery of attorney fees incurred in connection with its efforts to enforce Dean's liability under the guaranty. The plain language of the guaranty permits this award and we, therefore, award D.L. Evans its reasonable attorney fees on appeal.

Both parties also seek attorney fees on appeal under Idaho Code section 12-120(3). Section 12-120(3) provides that, "[i]n any civil action to recover on . . . any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs." Dean has not prevailed on appeal and, therefore, is not entitled to an award of fees. We need not address whether D.L. Evans would be entitled to an award of fees under this statute because we have already determined it is entitled to attorney fees under the commercial guaranty.

## V.    CONCLUSION

We affirm the district court's judgment in favor of D.L. Evans and award D.L. Evans its reasonable attorney fees pursuant to the commercial guaranty. D.L. Evans is also entitled to its costs pursuant to Idaho Appellate Rule 40.

Chief Justice BEVAN, and Justices STEGNER and MOELLER CONCUR. Pro Tem Justice BROWN CONCURS IN THE RESULT.

15